IN THE  UNITED STATES DISTRICT COURT OF SOUTH CAROLINA
BEAUFORT COUNTY DIVISION

| | |
|---|---|
| JACQUELINE PIDANICK,<br>      Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MADDALONI<br>      Defendant,<br>MARSHALL HORTON,<br>      Defendant, and<br>HORTON AND GOODMAN, LLC,<br>      a South Carolina Limited Liability<br>      Corporation | Case No. 9:17-cv-00281-DCN-MGB<br><br>Judge: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR INJUNCTIVE RELIEF
## AND FIRST AMENDMENT RETALIATION

NOW  comes your plaintiff, Ms. Jacqueline Pidanick ("Mother Jakkie"), pro se

and files herewith her complaint for damages and an injunction against attorney

Marshall Horton and his Law firm "Horton and Goodman, LLC", and his client

Christopher Maddaloni ("Father Maddaloni") for an injunction and damages for First

Amendment Rights Retaliation and Civil Conspiracy to deprive Plaintiff Jakkie of her

First Amendment and Civil Rights.

### A. The Parties:

1.  Jacqueline Pidanick is a mother to Olivia, a minor child, and she resides in
    Beaufort County, South Carolina at 4924 Bluffton Parkway, South Carolina
    29910.

2.  Christopher Maddaloni is the father to Olivia, a minor child and he resides
    and does business in Beaufort County, South Carolina and his residence is at

26 Victory Point Drive.

3.    Marshall Horton is a South Carolina licensed attorney, and upon information and belief he resides in Beaufort County South Carolina and the acts complained of against him occurred in Beaufort County, South Carolina.

4.    The firm Horton and Goodman, LLC, is a licensed professional LLC doing business as a law firm in  Beaufort County South Carolina, and it does business within Beaufort County, South Carolina and Marshall Horton is one of its partners and agent.

### A.    Jurisdiction and Venue

1.    This Court has jurisdiction pursuant to 28 U.S.C 1331, 1367. Venue is proper under 28 U.S.C.  1391(b). The parties reside in this judicial district, or do business within this jurisdiction district, and the events giving rise to the claims asserted herein occurred herein as well.

### B.   Statement of facts:

2.    On March 30th 2016, Defendant Attorney Horton was reprimanded by Judge Peter L. Fuge for bringing a motion for clarification regarding the parties' Visitation Order and Judge Fuge struck it down stating the final order regarding Visitation with the Father was clear to Attorney Horton. (Exhibit A,hereto)

3.     A dispute arose between the parties over days of visitation by Defendant Father Maddaloni in November 2016. On November 21st and December 9th 2016, Defendant Horton, as the agent and attorney for Defendant Father, sent Mother Jakkie a letter demanding that she turn over child Olivia for a

number of days coinciding with the Beaufort County School Calendar. However, child Olivia does not attend any Beaufort County School. She attends a Private daycare. Olivia is 3 years old. However, the days of visitation are not in dispute for purposes of this cause of action. The only issue in dispute is whether Attorney Horton can demand Mother Jakkie must remove content from her Facebook and other social media pages when said Content ("Subject Content") is not defamatory in any sense of the word, and represents only pleading filed in court and state facts only.

4.    On November 21st 2016 and December 9h 2016, Attorney Horton sent a false demand letter to Mother Jakkie DEMANDING that she remove Content on her Facebook account and on other websites, as he asserted that it was defamatory in nature, when in fact the Subject Content was Truthful and protected by the Litigation and other privileges under the First Amendment to the US Constitution (Exhibit B hereto).

5.    On December 8th 2016, Mother Jakkie sent Attorney Horton a communication stating that the content was factual in nature, had been filed with the Beaufort County Family Court, and that she was asserting a litigation privilege and truth as a defense claim.

6.    On November 16th 2016, Attorney Horton filed a motion with the Beaufort county court advising them the Facebook post was defamatory and motioned the court to remove it.

7.    On January 17th 2017, the court entered a Summary Order stating 20 days in jail with $4,192.00 to be paid to Attorney Horton for Mr. Maddaloni's lawyer

fees and $500.00 to be paid to the court as a fine. The family law court stated that "Ms. Pidanick was hiding behind her 1st amendment rights" and convicted her of Hiding behind 1st amendment rights and lawyers and judges, stated Judge Guyton. (Exhibit C rough draft written by Marshall Horton).

8.  Mother Jakkie was denied a lawyer by the Honorable court .

9.  Mother Jakkie was told by Judge Guyton during the trial, "I (Judge Guyton) will NOT appoint you an Attorney".    Transcript has been ordered.

10. Mother Jakkie was told by the Honorable court that she could not use Press by the Honorable Judge to tell her own story in her own words and phrases.


### C.  Plaintiff Jakkie has effectively Exhausted all her State Court Remedies granting her Protection and Relief–the State Court has Consistently Blocked Transcripts, Court Order Copies, Transcripts have been Altered, etc.

11. The Clerk of Courts at Beaufort County has,  for 5 months, continuously and repeatedly denied Plaintiff Jakkie meaningful access to the records and files needed to correctly file her appeals of several Trial Court Orders (Exhibit D). Whenever Plaintiff Jakkie has called the Clerk of Court for when her Record on Appeal would be ready for pickup, the Clerk either pretends she does not know what Jakkie is speaking of, or claims it is not ready, although it has been months since Plaintiff Jakkie first filed her request to prepare the record and designated appropriate record portions for the Clerk of Court to copy, page number and Certify for the Court of Appeals.  (See links to phone conversations at

http://drive.google.com/open?id=0B0moGz43UwcjVzNvSEZEMDNtWms.

Page 3 of 12 - Complaint for First Amendment Retaliation

12.     In addition, numerous transcripts have been changed or altered from the true statements made in court. (Exhibit E, hereto).  This occurred on at least the following dates: (March 30th 2016 and July 25/28th 2016).

13.     Finally, Plaintiff Jakkie has not been provided with a copy of the Court Order for her Contempt Hearing which occurred on Jan. 17, 2017.  The Rules of Court for filing an Amended Notice of Appeal require attaching a copy of the Court Order to the Notice of Appeal, Rule 203 (B) (ii).

14.     During this 1/17/17 hearing for indirect civil contempt, Mother Jakkie was entitled to 1) an arraignment; 2) notice of the charges brought against her; 3) appointment of an attorney if she could not afford one; 4) discovery; and 5) a jury trial.  Mother Jakkie was informed by the trial court judge that she would not receive any of these Constitutional protections.  Thus, the 1/17/17 hearing was unconstitutional and void *ab initio* and all orders emanating from this Summary Proceeding must be stricken, including the $5,000 sanctions award and possible jail time.

## COUNT 1

## FIRST AMENDMENT RETALIATION

## UNDER THE FIRST AMENDMENT, US CONSTITUTION

Mother Jakkie herewith alleges each of the following foregoing paragraphs in this Complaint as if fully set forth herein.

15.     That the November 21st and December 9th 2016, letters by Marshall Horton violated the First amendment of the United States Constitution and

Plaintiff Jakkie's right to publicly protest her grievances against the Beaufort county court system.

16.    That Mother Jakkie claimed truth as a dense to the statements made on her Facebook post and verifies that each of the statements made were true and accurate at the time they were made, and where based upon information and belief, were believed to be true at the time the statements were made.

17.    That she further claims litigation privileges in that each of the Affidavits posted were also filed with the Beaufort County Court system.

18.    That Defendant Horton had no basis in law or fact to send his demand letters dated November 21st and December 6th 2016 (Exhibit B, hereto) instructing her to remove Facebook posts and Petition to Remove Judge Fuge.  The actions patent comprise her First Amendment rights under the US Constitution.

19.    That the court had no basis in law or fact to issue the order for January 17th 2017 insisting that Mother Jakkie remove any contents on her Facebook pages and other Social Media and that the order was wrongful and violated the United States Constitution, First Amendment.

20.    That Plaintiff Mother Jakkie is entitled to an injunction against Attorney Horton, his client Defendant Maddaloni, and their assigns and those in privity with them from issuing any demand letter regarding Mother Jakkie's Facebook posts, or her online Petitions regarding State Court Judges, or any social media protest posts.

21.    That Plaintiff Mother Jakkie is entitled to her Attorney's fees and damages for the wrongful Demand letter that violate her First Amendment Rights under the United States Constitution.

## COUNT II

## VIOLATIONS OF FREE SPEECH UNDER THE

## SOUTH CAROLINA CONSTITUTION, ART. 1, 2

22.    Mother Jakkie herewith alleges each of the foregoing paragraphs in this Complaint as if fully set forth herein.

23.    That the November 21st and December 9th demand letter from Attorney Horton violated the South Carolina Constitution, Art. 1, 2 and Mother Jakkie's right to publicly protest her grievances against the Beaufort County Court System.

24.    That Mother Jakkie claims truth as a defense to the statements made in her Facebook and other social media posts and verifies that each of the statements made were true and accurate at the time they were made, and where based upon information and belief, were believed to be true at the time the statement were made.

25.    That she further claims litigation Privilege in that each of the affidavits posted were also filed with the Beaufort county court system in 2014, December 2016 and January 2017.

26.    That Attorney Horton had no basis in law or fact to send his demand letter dated November 21st and December 9th 2016 (Exhibit B, hereto).

27.    That the court had no basis in law or fact to issue the order from January

Page 6 of 12 - Complaint for First Amendment Retaliation

17th 2017 hearing, insisting that Mother Jakkie remove any contents on her Facebook pages and that the order was wrongful and violated the South Carolina Constitution, Art. 1, 2

28. That Plaintiff Mother Jakkie is entitled to an injunction against Attorney Horton, his client defendant Maddaloni and their assigns and those in privity with them from issuing and demand letter regarding Mother Jakkie's Facebook posts.

29. That Plaintiff Mother Jakkie is entitled to her attorney's fees and damages for the wrongful demand letters that violate her Free Speech Rights under the South Carolina constitution, Art. I, 2.

30. Plaintiff Jakkie herewith alleges each of the foregoing paragraphs as if fully set forth herein.

## COUNT III

## CIVIL CONSPIRACY TO DEPRIVE PLAINTIFF OF

## HER FIRST AMENDMENT AND CIVIL RIGHTS

31. Plaintiff Jakkie herewith alleges each of the foregoing paragraphs as if fully set forth herein.

32. This Cause of Action is against all Defendants.

33. Defendants Horton, Horton and Goodman, LLC and Maddaloni engaged in a civil conspiracy against Plaintiff Jakkie's First Amendment rights when they conspired together to made an unlawful plan to file a Motion in the Beaufort County court system asking the Trial Court to enter an Order to remove posts that Jakkie had made on Facebook and other Social Media that were Truthful,

Page 7 of 12 - Complaint for First Amendment Retaliation

consisted of pleadings filed in the Trial Court, and which was Jakkie's speech which should have been protected under the US and South Carolina Constitution as Free Speech.

34. All Defendants either knew or should have known that the Courts have no right to regulate social media for statements made regarding court proceedings and grievances regarding court proceedings.

35. The actions of all Defendants in filing a Motion intended to quash Plaintiff's First Amendment rights and chill her speech was wilful, contemptuous and done with malicious intent. The plans made by the Defendants was intended to chill Plaintiff's First Amendment rights, and the Summary Issuance of an injunction for $5,000 in sanctions, together with a threat of jail time, was intended to cause great and intentional harm, and did in fact cause harm to Plaintiff Jakkie to quell or chill her rights to Free Speech.

36. That all Defendants directly participated in a Motion and Hearing without notice to obtain a wrongful Court Order to remove Content from Plaintiff's Social Media websites, when in fact, all Defendants knew or should have known the hearing was wrongful as Plaintiff Jakkie was denied her First Amendment Rights and her right to Notice, Discovery, an Arraignment and a Jury Trial inasmuch as it was essentially a Hearing for Indirect Civil Contempt.

37. In addition, the Defendants knew or should have known that Plaintiff Jakkie was entitled to an attorney present at any hearing for Indirect Civil Contempt and one business day notice was insufficient to make any valid findings for indirect Civil Contempt. Rather, all the Defendants conspired together to

make motions and argument to deny Plaintiff Jakkie an attorney. They further participated in a Summary Hearing when they knew or should have known that Plaintiff Jakkie was entitled to Notice, Discovery and a Jury Trial and not summary hearing on indirect civil contempt.

38. Wherefore, since all Defendants conspired together to make unlawful plans to violation Plaintiff's First Amendment Rights, and further did in fact carry out such plans, thereby violating her First Amendment rights, the defendants must be held liable for a Civil Conspiracy finding, entitling Plaintiff Jakkie to her damages, plus punitive damages and reasonable attorneys fees.

WHEREFORE, Jacqueline Pidanick herewith respectfully requests that this court issue a Temporary Restraining Order, a Preliminary and Permanent injunction against Attorney Horton and Mr. Maddaloni and Marshall and Goodman, LLC together with their agents, assigns and those that act in privity with them for violating her United States and South Carolina Constitution rights in sending her demand letters to remove content from her Facebook account and other social media websites when the content is subject to Litigation Privilege and Truth as stated therein. She prays for her damages in the amount of $100,000 and reasonable attorney fees.

Respectfully Submitted,

/s/jacquelinepidanick/

Jacqueline Pidanick

Prepared by:

Page 9 of 12 - Complaint for First Amendment Retaliation

Ms. Jacqueline Pidanick, pro se
4924 Bluffton parkway 22-301
843 338 6278
Jakkiepidanick@yahoo.com

Page 10 of 12 - Complaint for First Amendment Retaliation

## CERTIFICATE OF SERVICE

The undersigned herewith certifies that on this day of January 25, 2017, she served the following individuals with a copy of the instant Complaint:

Marshall Horton
Horton and Goodman, LLC
Address: 49 Boundary St, Bluffton, SC 29910
    Phone:(843) 757-6190

P.O Box 3766
Bluffton, SC
29910

Served via mail.

/s/Jakkie Pidanick

Jacqueline Pidanick
4924 Bluffton Parkway
22-301
Bluffton Sc


Dear Sir or Ma'am,

I hereby verify that all statements made in the foregoing motion are true or believed to be true at the time the statement was made.

Thank you    1·25·17

Jacqueline Pidanick